MARY A. MOORE, administratrix, *vs.* JAMES E. WATKINS.

Essex.     March 6, 1929. — September 11, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence*, Of contractor.   *Evidence*, Presumptions and burden of proof.

At the trial of an action by an administrator under G. L. c. 229, §§ 1, 5, for conscious suffering and death of an alleged traveller on a public way, the evidence showed merely that the plaintiff's intestate was last seen on the evening of a Saturday; that his body was found in the next afternoon at the foot of an embankment, heavy grass on which was crushed down as though "the body had rolled over and over down the bank;" that the head was in a box; that the defendant had been doing construction work on the way adjacent to the top of the embankment and that, while there were barriers preventing use of the way for vehicles, the use of the sidewalk adjacent to the embankment was not blocked; that the sidewalk was cluttered with dirt and broken cement; that the defendant had not placed lights or warning signs on the sidewalk, and that a railing at the top of the embankment had not been in place for a year.   Neither the terms of the contract between the defendant and the town nor the duties of the defendant as to the way were in evidence.   *Held*, that no finding was warranted which showed ground for liability of the defendant.

TORT under G. L. c. 229, §§ 1, 5, for conscious suffering and death of the plaintiff's intestate, William H. Moore. Writ dated October 13, 1926.

In the Superior Court, the action was tried before *F. T. Hammond*, J. Material evidence is described in the opinion in *Moore* v. *Amesbury, ante,* 461, and in the opinion, *infra.* Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $2,750 was recorded. Thereafter a motion by the defendant that a verdict in his favor be entered was allowed. The plaintiff alleged exceptions.

*L. J. Halloran,* for the plaintiff.

*E. J. Garity,* for the defendant.

RUGG, C.J.   This is an action of tort whereby the plaintiff seeks to recover damages assessed by way of penalty for the death of her intestate.   One of the two counts in the plain-

tiff's declaration seemingly is framed on G. L. c. 229, § 1, and the other on § 5 of the same chapter. However this may be, every right of the plaintiff has been considered. It was stated at the bar that this case was tried with an action by the plaintiff against the town of Amesbury, this day decided, *ante*, 462. The plaintiff's exceptions bring this case here. It was argued at a later time than the action against the town.

The allegations of the declaration in substance are that the plaintiff's intestate, while a traveller on a public way, tripped and fell over and down an embankment and thereby was killed, all as a result of the negligence of the defendant in putting obstructions on the sidewalk without proper safeguards and by failing to place lighted lanterns or other warnings to insure safe passage by her intestate.

The evidence touching certain essential matters has been narrated in the decision in *Moore* v. *Amesbury* and need not be repeated. Additional facts shown by the present record are that the intestate was slightly lame from hip trouble and that when he left home on Saturday he said that he thought he would go to Derry, New Hampshire, and return on Sunday night. The defendant had the contract for constructing the road in question for the town of Amesbury. There also was evidence that the excavation of the old surface of the road was started under the direction of the town engineer and that other persons had that contract and that this was "before the defendant's work of putting in a new cement road was started," and that the work of the defendant was going forward at the time of the death of the plaintiff's intestate.

The terms of the contract between the defendant and the town were not in evidence. It does not appear that the defendant was under obligation to keep the sidewalk open and free from obstruction, that he did not have the right to place material on the sidewalk, nor that any duty rested upon him to give warning by lights or otherwise of the condition of the sidewalk or the railing. The grounds of liability urged against this defendant are even more insubstantial than those put forward against the defendant in

*Moore* v. *Amesbury, ante,* 461.   The differences between the two cases need not be discussed further, for the reason that the decision in that case in its reasoning and in authorities collected is equally decisive in favor of this defendant.

*Exceptions overruled.*